# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **AKORN HOLDING COMPANY, LLC,** *et al.* | * | Chapter 7 |
|     Debtors | * | Case No. 23-10253 (KBO) <br> (Jointly Administered) |
| * * * * * * * | * * * * * * | |
| **GEORGE L. MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, LLC** *et al.*, <br>    Plaintiff | * <br> * <br> * | Adv. Proc. No.: 25-50341 (KBO) |
| v. | * | |
| **FILAMATIC** | * | |
|     Defendant | * | |

* * * * * * * * * * * * *

**OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7055 AND DEFENDANT'S MOTION TO VACATE ENTRY OF ORDER OF DEFAULT AGAINST DEFENDANT FILAMATIC**

Filamatic, by and through her undersigned counsel, pursuant to Federal Rules of Procedure 55 and 60(b), hereby files this Opposition to Plaintiff's Motion for Entry of Default Judgment and Defendant Filamatic's Motion to Vacate Entry of Order of Default against Defendant Filamatic, and in support thereof, states as follows:

1. Service of process on the Defendant was insufficient and ineffective.

2. Defendant failed to plead because it was not served with the Complaint and Summons.

3. Defendant has legal defenses to the claim raised by Plaintiff in the instant case.

4. Plaintiff attempted to serve Defendant by way of certified mail, by mailing the Complaint and Summons to "Filamatic", via certified mail c/o Alan Betten, 502 Washington Avenue, Suite 610, Baltimore, Maryland 21204.

5. Defendant Filamatic is not a legally existing entity, and therefore is not a proper party and is unable to be served with process.

6. Alan Betten is not a registered or resident agent of an entity named Filamatic, and is not authorized to accept service of process on its behalf. Mr. Betten further has not worked at the address at which he was purportedly served with the Complaint since April 2013. *See* Betten Affidavit, attached hereto as Exhibit A.

7. Plaintiff's service by Certified Mail is ineffective under Federal, Delaware and Maryland law, in that it was not delivered to and signed for by the Defendant. Notwithstanding that Mr. Betten is not authorized to accept service for "Filamatic", he further never signed for or received any certified mail on behalf of "Filamatic" and, to undersigned counsel's knowledge, no return receipt or other verification of actual delivery has actually been filed in the instant case.

8. Plaintiff's service by Certified Mail is ineffective, as Defendant is not a legal entity, does not reside at the address to which the Writ of Summons and Complaint was mailed by the Plaintiff, and no authorized agent resides at said address.

9. Service was never effectuated in accordance with federal or state law.

10. The Order of Default entered against the Defendant should be vacated, as Defendant has not yet effectively been served with the Complaint and Summons in this matter.

WHEREFORE, Movant requests that the Order of Default entered in the above-referenced matter be vacated pursuant to Federal Rule of Civil Procedure 60(b), due to the insufficiency of service of process upon Defendant Filamatic.

Respectfully Submitted,
**MORTON, VALIHURA & ZERBATO, LLC**


<u>/s/ *Catherine Di Lorenzo*</u>
Catherine Di Lorenzo, Esquire (DE ID No. 5475)
Greenville Professional Center
3704 Kennett Pike, Suite 200
Greenville, DE 19807
302.426.1313
cdilorenzo@mvzllc.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 15th day of October, 2025, the foregoing Opposition to Motion to Default Judgment and Motion to Vacate the Order of Default was served, via CM/ECF and/or first class mail, postage prepaid, upon:

                                                    /s/ Catherine Di Lorenzo
                                                  Catherine Di Lorenzo, Esquire