IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWAR

| | | |
|---|---|---|
| **AKORN HOLDING COMPANY, LLC,** *et al.* | * | Chapter 7 |
|     **Debtors** | * | Case No. 23-10253 (KBO) <br> (Jointly Administered) |
| * * * * * * * | * * * * * * * | |
| **GEORGE L. MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, LLC** *et al.*, <br>     **Plaintiff** | * <br><br> * | Adv. Proc. No.: 25-50341 (KBO) |
| v. | * | |
| **FILAMATIC** | * | |
|     **Defendant** | * | |
| * * * * * * * * * * * * * | | |

## MEMORANDUM IN SUPPORT OF MOTION TO VACATE ORDER OF DEFAULT AGAINST DEFENDANT ZACHARY ABBOTT

Filamatic, by and through the undersigned counsel, pursuant to Federal Rules of Civil Procedure 55 and 60(b), hereby files this Memorandum in Support of its Motion to Vacate the Order of Default against Defendant Filamatic for Insufficiency of Service of Process upon Defendant Filamatic, and in support thereof, states as follows:

### BACKGROUND

Plaintiff filed the instant preference action against Defendant Filamatic. The address as the service address for the Defendant is 502 Washington Avenue, Suite 610, Baltimore, Maryland 21204. (Plaintiff's Complaint). The service contact was listed as Alan Betten. In Plaintiff's attempt to effect service upon the Defendant, Plaintiff mailed the Complaint and Writ of Summons to "Filamatic c/o Alan Betten." After mailing the Complaint and Summons to Mr. Betten,

Defendant requested, and received the entry of an Order of Default. Filamatic hereby moves to vacate the order of default entered against the Defendant.

## ANALYSIS

The purported service of Defendant Filamatic by Certified Mail is ineffective. Rule 4 of the Federal Rules of Civil Procedure provides the manner and method to effectuate service of a Complaint and Summons, such as that filed against Defendant in the instant case. Rule 4(h) requires that service upon a domestic or foreign corporation, or a partnership or other unincorporated association[1] that is subject to suit under a common name, must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statue so requires—by also mailing a copy of each to the defendant." FRCP 4(b)(1)(B) (2025). Alternatively, such a party may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1), in turn, requires that service be effectuated by "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." As the individual purportedly served with the Complaint and Summons is not an agent authorized by appointment or by law to accept service on behalf of Defendant "Filamatic", for service to be effective, Plaintiff would have had to have served Defendant in accordance with state law.

For service to be proper, it would have to have been effectuated in accordance with the laws of Delaware, as the state where this Honorable Court is located, or of Maryland, where service was purportedly made. Service in Delaware is governed by Rule 4 of the Rules of Civil Procedure

---

[1] As Defendant Filamatic, as named in the Complaint, appears to be an unincorporated association, this provision of Rule 4 would govern service.

for the Superior Court of the State of Delaware. Delaware's Rule 4 mirrors the federal rule, in that it provides that service shall be made as follows:

> Upon a domestic or foreign corporation or upon a partnership or unincorporated association which is subject to suit under common name by delivering copies of the summons, complaint and affidavit, if any, to an officer, a managing or general agent or to any other agent authorized by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Del. Super. Ct. Civ. R. 4(f)(1)(III) (2025). As discussed *supra*, service by mailing the complaint to Alan Betten was ineffective under Federal Rule 4. *See* Betten Affidavit. As such, it is also ineffective under Delaware law.

Next, it is appropriate to turn to Maryland law. Under Maryland Rule 2-124(i), "Service is made upon an unincorporated association sued in its group name … by serving any officer or member of its governing board. If there are no officers or if the association has no governing board, service may be made upon any member of the association." Perhaps more applicable is Maryland Rule 2-124(o), providing for substituted service upon the State Department of Assessments and Taxation, which states:

> Service may be made upon a corporation, limited partnership, limited liability partnership, limited liability company, or other entity required by statute of this State to have a resident agent by serving two copies of the summons, complaint, and all other papers filed with it, together with the requisite fee, upon the State Department of Assessments and Taxation if (i) the entity has no resident agent; (ii) the resident agent is dead or is no longer at the address for service of process maintained with the State Department of Assessments and Taxation; or (iii) two good faith attempts on separate days to serve the resident agent have failed.

Md. R. 2-124(o) (2025). There is no indication that there was any service upon the State Department of Assessments and Taxation. Likewise, there is no indication of any type of

alternative service effectuated under federal, Delaware or Maryland law. Accordingly, service must be stricken.

"Service is made upon an individual by serving the individual or an agent authorized by appointment or by law to receive service of process for the individual." Md. Rule 2-124 (b) (2015). Personal service of process is obtained by one of the methods listed in Maryland Rule 2-121(a). Specifically, with respect to service by mail, that Rule requires "mailing to the person to be served a copy of the summons, complaint and all other papers filed with it by certified mail requesting: 'Restricted Delivery—show to whom, date, address of delivery.'" Md. Rule 2-121(a)(3) (2015). The mail must be signed for by the person to be served. *See Gant v. Kent*, 314 F.Supp.2d 532, 533-34 (USDC D.Md. 2004) (stating that service is only effective as to an individual defendant that has signed a return receipt, and "[e]ach defendant, whether there be one or many, and whether they be members of the same family or strangers, must be served as provided by statute or rule.")

Additionally, there is no indication that Mr. Betten actually received the Complaint and Summons in question. In fact, he denies having ever received it, as the address at which it was sent has never been his residence and has not been his office address for over twelve years. There is, in fact, no indication that it was received by anyone at that address. Coupled with the fact that he is not a person authorized to receive or accept service of process for a "Filamatic", and there is no basis for service to stand. Accordingly, the service should be stricken, and the Order of Default should be set aside for good cause in accordance with Rule 55(c).

The manner in which the Writ of Summons and Complaint were mailed in the instant case is insufficient under Maryland law to validly effect service of process. The documents were not sent via Restricted Delivery, were not addressed solely to the Defendant, and were not actually delivered to the Defendant. Further, they were not sent to the Defendant's home address. In other

words, the attempt to serve the Defendant is not reasonably calculated to give him notice of the proceeding. The Defendant remains unaware of these proceedings. It is further believed that the Defendant will have material factual disputes with the allegations made in Plaintiff's Complaint. Based upon these facts, service of process upon the Defendant in this case is insufficient, and the default order entered against the Defendant should be vacated.

        Respectfully Submitted,
**MORTON, VALIHURA & ZERBATO, LLC**

/s/ *Catherine Di Lorenzo*
Catherine Di Lorenzo, Esquire (DE ID No. 5475)
Greenville Professional Center
3704 Kennett Pike, Suite 200
Greenville, DE 19807
302.426.1313
cdilorenzo@mvzllc.com
*Attorneys for Defendant*